Jasen and Jones, JJ.
(dissenting). We cannot agree with the determination made by the majority and are obliged to express our dissent.
The decision of this court must be based exclusively on the facial charges alleged in the indictment, to wit, that Judge *1016 Cornelius conspired with others to "suborn perjury, fabricate evidence and materials and introduce at State proceedings knowingly false, misleading and perjured testimony”. The Judge is not charged with having engineered the subornation or fabrication of testimony, but rather, as prosecutor, with having offered such testimony in evidence after having been alerted by an investigator in the prosecutor’s office, the Federal Bureau of Investigation and others to its origin and falsity.
We recognize that the time-honored and salutary presumption of innocence obtains as far as the individual charged is concerned until there has been a conviction. We are similarly fully conscious that the charges now leveled at the Judge may be dismissed before trial or on trial prove to be wholly unsubstantiated. Nonetheless, we cannot ignore or disregard the fact that a Federal Grand Jury on presentation of the United States Attorney has returned an indictment. In this circumstance, in our opinion, assurance in the public interest that the judiciary shall be beyond even the appearance of impropriety requires the subordination of the personal interest of any individual Judge. Distressing as that may prove to be, upholding the integrity of the Bench permits no less.
Because, however, at this stage there have been charges only and neither their proof nor possible explanation has been subjected to examination, we would be opposed to any cessation of judicial compensation. To us suspension from exercising the powers of his office would not be predicated on any prediction or estimate of the Judge’s individual guilt but rather would be dictated by overriding considerations of demanding public interest. In our view, therefore, the imposition of any penalty at this time would be inappropriate. That Judge Cornelius would be receiving full compensation during a period of perhaps several months when he would be rendering no judicial service should not be considered an unsuitable use of public funds; it would rather be the legitimate price the public must pay if it is to be assured that a member of the judiciary shall not be permitted to continue to exercise the powers of his office when charges of the nature here involved are filed against him, even though there has yet been no substantiation of them.
Chief Judge Cooke and Judges Gabrielli, Wachtler, Fuchsberg and Meyer concur in memorandum; Judges Jasen *1017 and Jones dissent and vote for suspension in another memorandum.
On the court’s own motion, it is determined that Honorable Raymond E. Cornelius not be suspended from his office of Judge of the Family Court of the State of New York, Monroe County.